■ CHARLES J. HECHT, P. C., Appellant-Respondent, v DAVID KRAVETZ, Respondent-Appellant.—Order of the Supreme Court, New York County (Irma Vidal Santaella, J.), entered January 3, 1989, which denied plaintiff's motion for partial summary judgment and granted defendant's cross motion solely to the extent of dismissing the third cause of action of

the complaint, is unanimously modified, on the law, to reverse the partial grant of defendant's cross motion and reinstate the third cause of action, and otherwise affirmed, without costs or disbursements.

Plaintiff was retained by defendant (also an attorney) to institute an action in Federal court based on alleged securities violations which had caused defendant to lose substantial sums in his investment trading account. The retainer allegedly provided for a maximum contingency fee of 23½% and billing credited against this contingency fee at less than plaintiff's normal hourly rate. Thereafter, the retainer agreement was allegedly modified to reduce the outstanding balance due but to increase the contingency fee to 33⅓%. After the trial in Federal court commenced, the defendant settled the action, according to him solely in exchange for full releases from the defendants there.

Plaintiff brought this action seeking, in the first cause of action, the reasonable value of the legal services rendered and, in the second cause of action, the value of the legal services rendered pursuant to an account stated. In the third cause of action, the plaintiff alleged defendant entered into a secret settlement in the Federal action and was paid in excess of $3,000,000, of which plaintiff sought 33⅓% pursuant to the modified retainer. Defendant counterclaimed for alleged legal malpractice on the part of plaintiff.

The IAS court correctly denied summary judgment to both parties on the first and second causes of action and the counterclaim. Issues of fact were present, *inter alia,* as to the quality of plaintiff's representation, the amounts which defendant agreed to pay and whether objections were made to the bills presented by plaintiff, which precluded summary judgment. However, the IAS court erred, in view of these factual disputes, in dismissing plaintiff's third cause of action. Defendant's mere allegation that no settlement moneys were paid was not a sufficient basis for the grant of summary judgment as to this cause of action. Concur—Kupferman, J. P., Asch, Wallach, Smith and Rubin, JJ.